Philip K. Davidoff (PD-7488)
FORD & HARRISON LLP
100 Park Avenue, Suite 2500
New York, NY 10017
Phone: 212.453.5900
Fax: 212.453.5959

*Attorneys for Defendants Planet Hollywood*
*New York, L.P. and All Star Café (New York) Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ADRIENNE BRICKER and ANTHONY
BACLAAN on behalf of themselves and others
similarly situated,

        Plaintiffs,

v.

PLANET HOLLYWOOD NEW YORK, L.P., and
ALL STAR CAFÉ (NEW YORK) INC.,

        Defendants.
------------------------------------x

Civil Action No. 08- 0443 (WHP)(RLE)

**ANSWER TO FIRST AMENDED COMPLAINT**

Document Electronically Filed

    Defendants Planet Hollywood New York, L.P. and All Star Café (New York) Inc. (collectively, "Defendants"), by their attorneys, Ford & Harrison LLP, answer the First Amended Complaint as follows:

    1.    Paragraph 1 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

**JURISDICTION AND VENUE**

    2.    Defendants deny the allegations set forth in paragraph 2 of the First Amended Complaint, except admit that the action purports to be brought pursuant to the statutes cited therein, and that plaintiffs purport to bring this action pursuant to the jurisdictional sections referenced therein.

3. Defendants deny the allegations set forth in paragraph 3 of the First Amended Complaint, except admit that venue is proper in this District, in that the alleged conduct underlying plaintiffs' claims arose within this District and the Defendants conduct business in this District. Defendants further deny that they engaged in any unlawful conduct towards plaintiffs.

## PARTIES

4. Defendants deny the allegations set forth in paragraph 4 of the First Amended Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of the First Amended Complaint.

6. Paragraph 6 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

7. Defendants deny the allegations set forth in paragraph 7 of the First Amended Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, except admit that named plaintiffs Adrienne Bricker and Anthony Baclaan were employed by Defendants as servers and/or runners.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Defendants deny the allegations set forth in paragraph 9 of the First Amended Complaint, except admit that plaintiffs purport to assert claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

10. Defendants deny the allegations set forth in paragraph 10 of the First Amended Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the First Amended Complaint.

### RULE 23 CLASS ALLEGATIONS- NEW YORK

12. Defendants deny the allegations set forth in paragraph 12 of the First Amended Complaint, except admit that plaintiffs purport to assert claims pursuant to Fed. R. Civ. P. 23.

13. Defendants deny the allegations set forth in paragraph 13 of the First Amended Complaint.

14. Defendants deny the allegations set forth in paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the First Amended Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the First Amended Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the First Amended Complaint.

19. Defendants deny the allegations set forth in paragraphs 19(a)-(g) of the First Amended Complaint.

## **FACTS**

20. Defendants deny the allegations set forth in paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the First Amended Complaint, except admit that named plaintiffs Adrienne Bricker and Anthony Baclaan were employed by Defendants as servers and/or runners.

23. Defendants deny the allegations set forth in paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the First Amended Complaint, except admit that the New York State hourly minimum wage was $ 5.15 on and after March 31, 2000; $ 6.00 on and after January 1, 2005; $ 6.75 on and after January 1, 2006; and $ 7.15 on January 1, 2007 through the present date.

26. Defendants deny the allegations set forth in paragraph 26 of the First Amended Complaint, except admit that the hourly minimum wage under the federal Fair Labor Standards Act was $5.15 from September 1997 through July 23, 2007, and increased to $5.85 on July 24, 2007.

27. Defendants deny the allegations set forth in paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the First Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage and Recordkeeping**
**Violations, 29 U.S.C. §§ 201** *et seq.*
**Brought by Plaintiffs on Behalf of Themselves**
**And the FLSA Collective Plaintiffs)**

35. With respect to paragraph 35 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 34 as if fully set forth herein.

36. Defendants deny the allegations set forth in paragraph 36 of the First Amended Complaint, except admit that they are "employers" within the meaning of 29 U.S.C. § 203, and that Defendants employed named plaintiffs Adrienne Bricker and Anthony Baclaan from May 7, 2007 through February 25, 2008 and November 29, 2006 through February 4, 2008, respectively.

37. Defendants deny the allegations set forth in paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the First Amended Complaint.

39. Defendants deny that plaintiffs are entitled to any of the relief requested in paragraph 39 of the First Amended Complaint.

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiffs on Behalf of Themselves
### And the FLSA Collective Plaintiffs)

40. With respect to paragraph 40 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 39 as if fully set forth herein.

41. Defendants deny the allegations set forth in paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the First Amended Complaint.

44. Defendants deny that plaintiffs are entitled to any of the relief requested in paragraph 44 of the First Amended Complaint.

### THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
### Brought by Plaintiffs on Behalf of Themselves and the Class)

45. With respect to paragraph 45 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 44 as if fully set forth herein.

46. Defendants deny the allegations set forth in paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the First Amended Complaint.

48.  Defendants deny the allegations set forth in paragraph 48 of the First Amended Complaint.

49.  Paragraph 49 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

## FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. State. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Class)

50.  With respect to paragraph 50 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 49 as if fully set forth herein.

51.  Paragraph 51 of the First Amended Complaint sets forth a legal conclusion to which no response is required.

52.  Defendants deny the allegations set forth in paragraph 52 of the First Amended Complaint.

53.  Defendants deny the allegations set forth in paragraph 53 of the First Amended Complaint.

54.  Paragraph 54 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

## FIFTH CLAIM FOR RELIEF
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. §§ 196-d and 198-b,
Brought by Plaintiffs on Behalf of
Themselves and the Class)

55.  With respect to paragraph 55 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 54 as if fully set forth herein.

56.  Defendants deny the allegations set forth in paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations set forth in paragraph 57 of the First Amended Complaint.

58. Paragraph 58 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

**SISTH CLAIM FOR RELIEF**
(Illegal Pay Deductions,
N.Y. Lab. L. §§ 193,
Brought by Plaintiffs on Behalf of
Themselves and the Class)

59. With respect to paragraph 59 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 58 as if fully set forth herein.

60. Defendants deny the allegations set forth in paragraph 60 of the First Amended Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the First Amended Complaint.

62. Paragraph 62 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

**SEVENTH CLAIM FOR RELIEF**
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. Tit. 12, § 137-1.7
Brought by Plaintiffs on Behalf of
Themselves and the Class)

63. With respect to paragraph 63 of the First Amended Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 62 as if fully set forth herein.

64. Defendants deny the allegations set forth in paragraph 64 of the First Amended Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the First Amended Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the First Amended Complaint.

67. Paragraph 67 of the First Amended Complaint does not contain any allegations of fact that can be admitted or denied.

## PRAYER FOR RELIEF

Defendants deny that plaintiffs are entitled to any of the relief requested in paragraphs A through J of the Prayer for Relief of the First Amended Complaint or to any other relief.

## GENERAL DENIAL

Defendants further deny each and every allegation in the First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim or claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants did not willfully violate federal or state laws.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations under federal and state laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred to the extent such damages are unavailable under the statutes cited in the First Amended Complaint, and because Defendants' actions at all times were in good faith and Defendants had reasonable grounds for believing that

their actions did not violate federal or New York law. Further, the issue of liquidated damages is for the Court to consider and determine and not a jury.

### FIFTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which prejudgment interest may be granted.

### SIXTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the First Amended Complaint that purport to arise under New York Labor Law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

### EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless and/or malicious manner.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class/collective action members are not entitled to damages, to the extent they failed to mitigate their alleged damages.

### TENTH AFFIRMATIVE DEFENSE

If any plaintiff and any putative class/collective action member sustained any injury, damages or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of plaintiffs, putative class/collective action members, or others, which contributed to and proximately caused any such injury, damage or loss.

**ELEVENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrines of laches, waiver and unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs and putative class/collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint, and each claim purported to be alleged therein, is barred to the extent the Court lacks subject matter jurisdiction over the stated claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Fed. R. Civ. P. 23 and, therefore, the class certification allegations of the First Amended Complaint should be stricken and dismissed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to 29 U.S.C. § 216(b) and, therefore, the collective action allegations of the First Amended Complaint should be stricken and dismissed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The putative collection action members cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not shown and cannot show that class or collective action treatment of the purported claims alleged in the First Amended Complaint are superior to other methods of adjudicating the controversy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs on behalf of putative class/collective action members are matters in which individual questions predominate and thus are not appropriate for class or collective action treatment.

### NINETEENTH AFFIRMATIVE DEFENSE

The purported claims alleged by Plaintiffs are neither common to nor typical or those, if any, of the alleged putative class members.

### TWENTIETH AFFIRMATIVE DEFENSE

This case is not appropriate for class or collective action certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The putative class members are not so numerous that joinder is impracticable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint, and each claim purported to be alleged therein, cannot proceed as a class and/or collective action because difficulties likely to be encountered render the action unmanageable

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Certain of the interests of the putative class members are in conflict with the interests of Plaintiffs and/or all or certain sub-groups of the putative class members.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class/collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case,

such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to modify and supplement their defenses and to plead additional defenses to the claims of Plaintiffs based upon such facts and circumstances as become known to Defendants subsequent to the date hereof.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against plaintiffs and that the First Amended Complaint be dismissed with prejudice;

2. That Defendants be awarded costs of suit herein;

3. That Defendants be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 18, 2008

Respectfully submitted,
FORD & HARRISON LLP

By: _____
Philip K. Davidoff (PD-7488)
100 Park Avenue, Suite 2500
New York, New York 10017
Phone: 212. 453. 5900
Fax: 212. 453. 5959

*Attorneys for Defendants Planet Hollywood New York, L.P. and All Star Café (New York) Inc.*

## CERTIFICATE OF SERVICE

Philip K. Davidoff, an attorney admitted to practice in this Court, hereby states that on this date, I caused a true and correct copy of Defendants' Answer to the First Amended Complaint, to be served, via ECF of the Clerk of the District Court, upon counsel for plaintiffs as follows:

> D. Maimon Kirschenbaum
> Charles Joseph, Esq.
> Joseph & Herzfeld LLP
> 757 Third Avenue, 25th Floor
> New York, NY 10017
>
> Attorneys for Plaintiffs

_____
Philip K. Davidoff

Dated: April 18, 2008

NEW YORK:51595.2