UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
ADRIENNE BRICKER and ANTHONY
BACLAAN,                                     :

              Plaintiffs,      :      08 Civ. 443 (WHP)

        -against-                          :      MEMORANDUM & ORDER

PLANET HOLLYWOOD NEW YORK,       :
L.P.,
                                  :
              Defendant.
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Adrienne Bricker and Anthony Baclaan bring this Fair Labor Standards Act ("FLSA") collective action alleging that Defendants Planet Hollywood New York L.P. and All Star Café (New York) Inc. failed to pay wages for all hours worked and violated New York Labor Laws. After documents discovery and arms-length negotiations, the parties reached a proposed settlement on October 13, 2008 for $900,000 (the "Settlement Fund"). The Settlement Fund represents over 100% of Plaintiffs' estimated damages and covers all persons employed by Defendants as waiters, bussers or runners between January 17, 2002 and October 13, 2008. On February 13, 2009, this Court preliminarily approved the settlement, certified the class and approved the form of notice.

        Notices were mailed to 1,081 class members. Class members were not required to file claims. They will receive a pro-rata share of the Settlement Fund, based on the number of weeks worked. No class member has objected to the settlement and only three opted out.

Plaintiffs move for final approval of the settlement, class certification, incentive payments for the named plaintiffs, and attorney's fees totaling 33 1/3% of the Settlement Fund. For the following reasons, Plaintiffs' motion is granted in part and denied in part.

I. Class Certification

Rule 23 imposes two prerequisites for class certification. First, the party seeking certification must demonstrate that the proposed class meets the requirements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. See Fed. R. Civ. P. 23(a); In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 132-33 (2d Cir. 2001). Second, the party seeking certification must show that the proposed class action falls within one of the types maintainable under Rule 23(b). Visa, 280 F.3d at 133.

There are over 1000 class members, which is more than sufficient to satisfy the numerosity requirement. See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). With respect to commonality, all of the putative class claims arise out of common questions of law and fact relating to Defendants' payroll practices and whether they comply with federal and state wage laws. In addition, Plaintiffs' claims are typical of the class. And there are no questions as to the adequacy of the named plaintiffs or class counsel. Finally, this Court finds that this action can be maintained as a class action for purposes of settlement under Rule 23(b)(3) because proceeding piecemeal would give rise to a risk of inconsistent adjudications and result in inefficiencies. Accordingly, this Court certifies the proposed class for purposes of the settlement.

II. Final Approval

A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005). Nonetheless, when considering whether to approve a class action settlement, a district court must "carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001) (citation omitted).

In City of Detroit v. Grinnell Corp., 495 F.2d 448, 462-63 (2d Cir. 1974), the Second Circuit identified nine factors for the Court to consider in determining whether to approve a class action settlement:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

The settlement was reached after arm's length negotiation between the parties. While this was neither a complex matter, nor were the risks of establishing liability or damages particularly high, the parties engaged in substantial discovery and reached a settlement that recovers nearly all lost wages for the class members, which were estimated between $665,000 and $710,000. (Declaration of D. Maimon Kirschenbaum dated July 21, 2009 ("Kirschenbaum Decl.") ¶¶ 3-5.) Moreover, no class member has objected. Accordingly, the Court finds that the settlement is reasonable and approves it.

3

III. Incentive Payments

"The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." Fears v. Wilhelmina Model Agency, Inc., 02 Civ. 4911(HB), 2005 WL 1041134, at *3 (S.D.N.Y. May 5, 2005). The Settlement Agreements provide for payments of $7,500 to Anthony Baclaan and $5,000 to Adrienne Bricker. Both Baclaan and Bricker reviewed documents, met with counsel on numerous occasions, and spoke to current and former employees about the case. (Kirschenbaum Decl. ¶¶ 11-13.) Accordingly, the Court approves these incentive payments.

IV. Attorney's Fees

"[B]oth the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir.2000). "[W]hether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is reasonable under the circumstances." Goldberger, 209 F.3d at 47 (citations and internal quotation marks omitted). Under either method, the Court is guided by the following criteria: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. See Goldberger, 209 F.3d at 50.

Class counsel seeks a 33 1/3% award, $300,000, to cover both attorney's fees and costs. Class counsel's lodestar totals $110,000, with 220 attorney hours and 240 paralegal hours. Class counsel will likely expend additional hours administering the settlement. Class counsel does not disclose its costs in this matter. The requested fee award requires a multiplier of 2.73.

4

The risks in this litigation were not particularly high and the parties reached a tentative settlement less than ten months after the action was filed. Class counsel provided high quality representation without incurring unnecessary hours. However, even though the settlement yields an excellent result, class members will not be made whole. Accordingly, this Court finds the 33 1/3% requested award to be high given the short duration of the litigation and the low risk of non-recovery. An award of $225,000, which provides a 2.0 multiplier and constitutes 25% of the Settlement Fund, should adequately compensate class counsel for its time and effort, for the risk it faced in this case, and for the high quality of its representation. Moreover, that reduced fee award will allow additional monies to be distributed to class members.

Accordingly, the Court awards class counsel 25% of the settlement fund to cover attorney's fees and costs. Class Counsel is directed to submit a proposed Final Judgment consistent with this Memorandum and Order.

Dated: August 13, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Daniel Maimon Kirschenbaum, Esq.
Joseph & Herzfeld
757 Third Avenue
New York, NY 10017
and
Richard Jennings Burch, Esq.
Bruckner Burch PLLC
1415 Louisiana, Ste 2125
Houston , TX 77002
*Counsel for Plaintiffs*

Philip K Davidoff, Esq.
Ford & Harrison LLP
100 Park Avenue, Suite 2500
New York, NY 10017
*Counsel for Defendants*